# IN THE COURT OF APPEALS OF IOWA

No. 13-0453
Filed April 30, 2014

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**ANTONIO LAMONT GIPSON,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Clinton County, Joel W. Barrows,

Judge.


　　　Antonio Lamont Gipson appeals from the judgment and sentence entered

following his conviction of domestic abuse assault. **AFFIRMED.**


　　　Mark C. Smith, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, Tyler Buller, Assistant Attorney

General, Mike Wolf, County Attorney, and Ross Barlow, Assistant County

Attorney, for appellee.


　　　Considered by Danilson, C.J., Mullins, J., and Huitink, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**HUITINK, S.J.**

Antonio Lamont Gipson appeals from the judgment and sentence entered following his conviction of domestic abuse assault (third or subsequent offense), in violation of Iowa Code sections 708.1, .2A(1), and .2A(4) (2011). He contends the district court abused its discretion in excluding evidence the victim smoked marijuana before the crime was committed. He also contends his trial counsel was ineffective in failing to object to a jury instruction on general intent.

Gipson's conviction stems from an altercation with Nicole Fields in the early morning hours of September 18, 2011. Both Gipson and Fields testified at trial and gave conflicting accounts of what occurred. Fields testified that while arguing on a porch, Gipson grabbed her by the face and throat and began pushing her, scratching her above her lip in the process. She further testified her neighbor, Angela Findley, pushed Gipson off of her before Gipson grabbed Fields's sweatshirt and dragged her down the front steps.[1] Conversely, Gipson denied choking, attempting to choke, or scratching Fields. He testified he only made contact with Fields after Findley pushed him, which caused him to lose his balance. In an attempt to stop his fall, Gipson testified he grabbed Fields's shoulder and they both fell down the steps.

Gipson first contends the court abused its discretion in granting the State's motion to exclude evidence that Fields smoked marijuana. He sought to introduce the evidence to impeach Fields's credibility. One of the ways to attack witness credibility is to show a defect in the witness's capacity to observe,

---

[1] Findley corroborated Fields's testimony, and the responding officer noted Fields had a scratch above her lip, which he believed was a recent injury.

remember, or recount the matters testified about. *State v. Ivory*, 247 N.W.2d 198, 204 (Iowa 1976). On this basis, our supreme court has held evidence of drug use may be admissible, stating: "It is our opinion evidence of drug use which would substantially lessen or temporarily impair the ability to perceive the facts which the witness purports to have observed is provable to attack the credibility of the witness under the foregoing method of attack." *Id.*; *see also* 1 Kenneth S. Broun, *McCormick on Evidence* § 44 (7th Ed. 2013) ("If the witness was under the influence at the time of the events which he testifies to or at the time he testifies, this condition is provable to impeach on cross or by extrinsic evidence."). The district court granted the State's motion after determining there was no indication in the record that Fields's marijuana use lessened or impaired her ability to perceive the events that transpired the morning of September 18, 2012.

We concur there is no evidence here that Fields was impaired at the time of the assault. Fields smoked a small amount of marijuana before reporting to work at 4:00 p.m. on September 17, 2012. The assault occurred at approximately 2:30 or 3:00 a.m. on September 18, 2012—more than ten hours later. During those intervening hours, Fields worked a full shift, came home, and went to bed. There is no indication Fields thought she was impaired at the time of the assault, and the responding officer testified at his deposition that he did not observe Fields to be impaired. Because there is nothing in the record to suggest Fields's ability to perceive events was impaired at the time of the assault, the evidence of her marijuana use was not relevant, and the district court was within its discretion to exclude it. *See* Iowa R. Evid. 5.401; *Ivory*, 247 N.W.2d at 204-05

(holding that in order to be relevant and admissible, evidence of witness's drug use must have a tendency to establish the witness's ability to accurately observe or relate details of the events in question had been substantially lessened or temporarily impaired by such drug use).

Gipson also contends his trial counsel was ineffective in failing to object to submission of the general-intent jury instruction in addition to the specific-intent jury instruction for assault. Although a defendant may raise an ineffective-assistance claim on direct appeal, it is only in rare cases that the trial record alone will be sufficient to resolve such claims. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Ordinarily, we preserve ineffective-assistance claims for possible postconviction proceedings to allow full development of the record. *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). We preserve Gipson's claim counsel was ineffective in failing to object to the submission of the general-intent instruction for a possible postconviction relief proceeding.

**AFFIRMED.**